IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TERRENCE BARNES,

    Plaintiff,

v.

SUN AMERICA, et al.,

    Defendants.

CIVIL ACTION NO.
1:16-CV-2800-TWT-LTW

## MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION

Pending before this Court is the Magistrate Judge's February 23, 2017 Show Cause Order. (Doc. 2). In that Order, the Court noted that Rule 4(m) of the Federal Rules of Civil Procedure requires the Court to dismiss an action if a defendant is not served within 90 days after the complaint is filed. (Id. (citing Fed. R. Civ. P. 4(m)). Further, Plaintiff was order to "show cause within fourteen (14) days of the date of this Order why this case should not be dismissed for Plaintiff's failure to timely serve Defendants." (Id.). Finally, Plaintiff was "**warned that his failure to respond to this Court's Show Cause Order shall result in a recommendation that this case be dismissed.**" (Id. (emphasis in original)).

Plaintiff has not responded to the Show Cause Order, has not provided proof of service on Defendants, and has taken no substantive action in this case since the Order

AO 72A
(Rev.8/82)

was issued.[1]  Thus, Plaintiff has violated the Local and Federal Rules, ignored this Court's order, and has not taken any other action before this Court to prosecute his lawsuit.  Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.3(A) provide that the Court may dismiss a case for want of prosecution if a plaintiff refuses to obey a lawful Order of the Court.  Fed. R. Civ. P. 41(b); LR 41.3(A), NDGa.; see also LR 41.2C NDGa; Fed. R. Civ. P. 41(b).

Because Plaintiff has refused to obey lawful orders of the Court and seems uninterested in pursuing this lawsuit, this Court **RECOMMENDS** that Plaintiff's case be **DISMISSED** for want of prosecution.  As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 7 day of April, 2017.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[1] Indeed, delivery of the Show Cause Order was not possible, as Plaintiff no longer appears to live at the address on record. (Doc. 3). Parties have an obligation to keep the Court apprised of their current address and telephone number.  See LR 41.2C NDGa ("The failure of counsel for a party or of a party appearing pro se to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action . . . ."); see also, Fed. R. Civ. P. 41(b).